IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

    *v.*

CRAIG MURFEE ALLEN

Criminal Action No.

1:24-CR-00130-TWT

## ORDER

This matter is before the Court on the Government's motion to revoke the bond order issued by the Magistrate Judge on May 6, 2024. (Docs. 4, 22). For the reasons set forth below, the Government's motion is GRANTED.

On April 23, 2024, a grand jury sitting in the Northern District of Georgia returned an indictment charging Defendant Craig Allen with wire fraud, money laundering and securities fraud. (Doc. 1). On April 24, 2014, the Government moved to detain the Defendant. (Doc. 9). On May 1 and May 7, 2024, the Magistrate Judge conducted a hearing on the detention motion. (Docs. 16, 17). Following the hearing, the Magistrate Judge denied the detention motion, but continued to temporarily detain the Defendant. (Doc. 18). On May 9, 2024, the Government moved to revoke the Magistrate Judge's order to release the Defendant on bond, and this Court conducted a hearing on the Government's motion on May 13, 2024. (Docs. 22, 24).

This Court reviews the Magistrate Judge's detention rulings *de novo. United States v. King*, 849 F.2d 485, 489-90 (11th Cir. 1988). "In conducting this *de novo*

review, a hearing is not required and the district court may rely entirely on the pleadings and the evidence developed at the magistrate's detention hearing, or it may conclude that additional evidence is necessary and conduct its own evidentiary hearing." *United States v. Kidd*, No. 1:12–CR–379–02–WSD–RGV, 2013 WL 142317, at *1 (N.D. Ga. Jan. 11, 2013) (*citing King*, 849 F.2d at 490); *United States v. Ervin*, 818 F. Supp. 2d 1314, 1316 (M.D. Ala. 2011).  The Court may consider proffered evidence at the hearing.  *United States v. Gaviria*, 828 F.2d 667, 669 (11th Cir. 1987).

After reviewing the Government's motion, (Docs. 22, 24), the arguments of counsel, the evidence, and the U.S. Probation Office's Pretrial Services Report, this Court finds that no condition or combination of conditions short of detention will reasonably assure the Defendant's appearance as required and the safety of the community. In making this determination, the Court has considered all of the relevant statutory factors, including "the nature and circumstances of the offense charged," "the weight of the evidence" against the defendant, "the history and characteristics" of the Defendant, and "the nature and seriousness of the danger to any person or the community that would be posed" by the release of the Defendant. 18 U.S.C. § 3142(g). The Court finds that the factors heavily weigh in favor of revoking the release order because the Defendant is a serious flight risk, a serious danger to the community, and there is a serious risk of obstruction of justice.

The Court finds the Defendant is a serious flight risk considering the Defendant's overseas travel, his threat to investors that he would flee, and his

failure to appear twice for compelled testimony in the Securities and Exchange Commission's investigation.

The Court finds the Defendant is a serious danger to the community. The Defendant has a history of substance abuse. The Defendant was recently arrested on February 28, 2024, for driving under the influence. Despite his DUI arrest, the Defendant continued to drink and drive, including at least on the day he was arrested in this matter, which is a serious danger. Admitting the Defendant into a rehabilitation treatment facility would not mitigate the danger, having considered the Defendant's history of leaving and being unsuccessful at an inpatient rehabilitation treatment facility and a sober living house three times in 2022 and 2023.

The Court finds that there is a serious risk that the Defendant will obstruct or attempt to obstruct justice after considering the Defendant's prior communication history with the investors. In the past, the Defendant has instructed the investors not to speak with law enforcement. Under these circumstances, especially in light of the nature of the Defendant's relationship with these investors, the Court finds there is a serious risk he will continue to communicate with the investors and obstruct or attempt to obstruct justice.

For these reasons and those stated on the record, the Magistrate Judge's bond order is hereby REVOKED.  The Defendant is to remain detained pending trial.

SO ORDERED this  13th  of May, 2024.

_____
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE